NC.________

## FEES COLLECTED UNDER ARTICLE 3920, AS AMENDED,

## HELD REQUIRED TO BE DEPOSITED IN THE GENERAL FUND

Opinion construing Senate Bill No. 83, Acts Regualr Session, 42nd Leg., and the appropriation bill passed by the 45th Legislature at its Regular Session, and holding that fees collected under Article 3920, as amended by S. B. 83, Acts R. S. 42nd Leg., must be deposited in the General Fund.

OFFICE OF THE ATTORNEY GENERAL

February 1, 1939

Hon. Tom C. King
State Auditor
Austin, Texas

Dear Mr. King:

Opinion No. O-81
Re: Fees collected under Art. 3920, as amended,

You request an opinion on the following question:

"Should fees collected under Article 3920, R. C. S., be deposited in the Insurance Examination Fund or the General Fund?"

Senate Bill No. 83, Acts Regular Session, 42nd Legislature, amends Article 3920, Revised Statutes, 1925, and Article 4690, Revised Statutes, 1925. Article 3920 was incorporated in the codification of 1925 under the general chapter relating to fees of office, while Article 4690 in the codification of 1925 related to the duty of the Insurance Commissioner to examine insurance companies, and was contained in the general chapter relating to insurance.

Article 3920, both as originally written and as amended by Senate Bill No. 83, begins as follows:

"The Board of Insurance Commissioners shall charge and receive for the use of the State the following fees:" (Underscoring ours)

Among the provisions of such Article is the following:

"For every copy of any paper filed in the
Department of Insurance, for each 100 words........$0.20

"For affixing the official seal and cer-
tifying to the same...............................$1.00"

The only effect of the amendment on Article 3920 was
to lift out of that Article the last provision thereof (not
quoted here), relating to fees for examining insurance companies,
and incorporate provisions for collecting examination assessments
in Article 4690, the examining law.

That part of Senate Bill 83 amending Article 4690 pro-
vides in part as follows:

"Sec. 3. The expenses of all examination made
on behalf of the State of Texas by the Chairman of
the Board of Insurance Commissioners or under his
authority shall be paid by the corporations examined
in such amount as the Chairman of the Board of Insur-
ance Commissioners shall certify to be just and reason-
able, In case of an examination made jointly with
the representatives of the Insurance Supervising Depart-
ment of any other State or States, the corporation
examined shall pay the share of the cost of such
examination to be borne by the State of Texas as
shall be certified to be just and reasonable by the
Chairman of the Board of Insurance Commissioners.

"Assessments for the expenses of such examina-
tion which shall be sufficient to meet all of the
expenses and disbursements necessary to comply with
the provisions of the laws of Texas relating to the
examination of insurance companies and to comply with
the provisions of this Act, shall be made by the
Chairman of the Board of Insurance Commissioners upon
the corporations or associations to be examined
taking into consideration annual premium receipts, and/
or admitted assets, and/or insurance in force; pro-
vided such assessments shall be made and collected
only at the time such examinations are made.

"All sums collected by the Chairman of the Board
of Insurance Commissioners, or under his authority,
on account of the cost of examinations assessed as
herein provided for shall be paid into the State
Treasury to the credit of the Insurance Examination
Fund; and the salaries and expenses of the actuary
of the Board of Insurance Commissioners and of the
examiners and assistants, and all other expenses of
such examinations, shall be paid upon the certificate
of the Chairman of the Board of Insurance Commissioners
by warrant of the Comptroller drawn upon such fund
in the State Treasury.

"If at any time it shall appear that additional
pro rata assessments are necessary to cover all of

the expenses and disbursements required by law and necessary to comply with this Act, the same shall be made, and any surplus arising from any and all such assessments, over and above such expenses and disbursements, shall be applied in reduction of subsequent assessments in the proportion assessed so that there shall be so assessed and collected the funds necessary to meet such expenses and disbursements and no more." (Underscoring ours)

"3-B. All sums collected in pursuance of this Act and paid into the Insurance Examination Fund are hereby appropriated for the payment of the salaries and expenses provided for in this Act for the fiscal years ending August 31, 1932 and 1933, respectively."

It will be noted that under such Act, Section 3-B appropriated for the expenses of administering such law "all sums collected in pursuance of this Act and paid into the Insurance Examination Fund." This had the effect, therefore, of appropriating "all sums collected by the Chairman of the Board of Insurance Commissioners ... on account of the cost of examinations," since those were the only sums which the Act required to be paid into the Examination Fund. However, Section 3-B was an appropriation only for the fiscal years ending August 31, 1932 and 1933.

The appropriation for the Examination Division of the State Insurance Commission for the present biennium is found on pages 1391 and 1392 of the General and Special Laws of the regular session of the 45th Legislature, and after listing certain particularly itemized appropriations, the following language is used:

"For the purpose of paying the foregoing examination expenses and such other expense as is necessary incident to the examination work and the payment of the salaries of any additional examiners, stenographers, clerks and such help as is necessary in the administration of the examining (providing any additional employees performing similar work to the positions designated hereinabove shall not receive a greater sum of compensation than that herein provided), and for defraying all other expenses necessary for the administration of the provisions of Chapter 152 of the General laws of the regular session of the Forty-second Legislature and Chapter 264 of the General Laws of the Regular Session of the Forty-fourth Legislature,

there is hereby appropriated all fees and assessments collected under authority of said examining law, together with any balances at the end of a preceding fiscal year, for each of the fiscal years ending August 31, 1938 and August 31, 1939. The head of the Department shall make application to the Board of Control and receive its approval in writing before employees, other than those itemized in the appropriation bill, are employed. Said application shall set out the reasons and necessity for the employment of the additional employees."

The words "fees and assessments collected under authority of such examining law" clearly refers to and appropriates only those sums collected under the authority of that law which relates to the examination of insurance companies.

Article 3920 has no reference to and does not relate in any manner to the "examination" of insurance companies, but such article relates only to "fees of office." The "examining law" consists of Article 4690 as amended, and Chapter 264 of the General Laws of the 44th Legislature, which are the laws relating to and providing for examination of insurance companies.

A construction authorizing the fees collected under Article 3920 to be paid into the Examination Fund and devoted thereby to defraying, at least in part, the expenses of administering Article 4690, would effectually nullify the provisions of Articles 3920 and 4690, as amended, by authorizing fees paid by private individuals under Article 3920 to be diverted from "the use of the State" and devoted to a reduction of the amount of assessments to be collected of insurance companies for the administration of the provisions of Article 4690; whereas, Article 4690, as amended, expressly provides and contemplates that the entire cost of administering the laws of Texas "relating to examination of insurance companies" be defrayed pro rata by the companies examined. In other words, Article 4690, as amended, announces the policy of the State to be that the examined

shall pay the cost of their examination. A construction, therefore, of the appropriation bill as authorizing the fees collected under Article 3920 to be paid into the Examination Fund would render such portion of the Appropriation bill unconstitutional, as attempting the amendment of Article 4690 without specifying the purpose in the caption of the bill, and without re-enacting and publishing at length the section or sections amended, in violation of the Constitution, Article 3, Sections 35 and 36.

You are, therefore, advised that fees collected under Article 3920 should be deposited in the General Fund.

The Opinion heretofore written by Honorable ?. W. Heath, Assistant Attorney General, on June 19, 1936, in response to an inquiry by Honorable R. L. Daniel, Chairman of the Board of Insurance Commissioners, expressing a contrary conclusion, is hereby overruled and withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS
(signed)

By

R. W. Fairchild
Assistant

(RWF:PBP

This opinion has been considered in conference, approved, and ordered recorded.

(Signed)

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS